IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

APRIL STREIGHT,

    Plaintiff,

v.                                                           Civil Action No. 5:10CV138
                                                                                      (STAMP)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

I.   Background[1]

The plaintiff, April Streight, originally brought suit against State Farm Mutual Automobile Insurance Company ("State Farm") on or about July 2009 in the Circuit Court of Marshall County, West Virginia to recover automobile medical payment coverage benefits under the policy issued to the plaintiff's father, the owner of the car that she was driving when she was injured in an automobile accident on State Route 2 in Moundsville, West Virginia.[2] In this initial complaint, the plaintiff alleged that as a direct and proximate result of the negligent conduct of Walter S. Geiser, the driver of the car that collided with the plaintiff's vehicle, the plaintiff incurred medical bills. The plaintiff alleged that she

---

[1]As the defendant did not file a response to the plaintiff's motion to remand, the facts described below are based largely on the facts as described in the plaintiff's motion.

[2]Policy of insurance number 0128-049-48.

is entitled to recover the full $5,000.00 in automobile medical payment coverage benefits under the policy, but that at that time, State Farm had only paid $2,614.45 and had refused to pay the remaining benefits.

After the plaintiff filed her complaint in the Circuit Court of Marshall County, State Farm paid the remaining benefits. State Farm then sent a letter to the plaintiff asking what, if any, other damages the plaintiff claims are associated with the alleged breach of contract. In response, the plaintiff stated that other damages include interest on the amounts that were withheld, as well as damages for annoyance, aggravation, and inconvenience resulting from the delay in payment. State Farm then filed a notice of removal to federal court and refused the plaintiff's request to voluntarily remand the case. On November 20, 2009, the case was remanded to the Circuit Court of Marshall County.

Following remand, the parties engaged in discovery and the plaintiff filed a motion seeking leave to amend her complaint to allege bad faith. The court denied this motion to amend, so on November 23, 2010, the plaintiff brought a separate action in the Circuit Court of Marshall County alleging claims of bad faith against State Farm. Specifically, the plaintiff contends that she is entitled to recover from State Farm general damages for aggravation, annoyance, and inconvenience caused by the delay in payment. State Farm once again filed a notice of removal.

On January 24, 2011, the plaintiff filed a motion to remand pursuant to 28 U.S.C. § 1446.  In support of this motion, the plaintiff argues: (1) federal jurisdiction is lacking because the defendant has failed to establish that the amount in controversy exceeds $75,000.00; and (2) abstention is appropriate because there is substantial overlap between this case and the case currently proceeding in the Circuit Court of Marshall County, and they should be heard together by a single judge.  The defendant did not file a response to the motion to remand.

## II.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

## III.  Discussion

In her motion to remand, the plaintiff argues that federal jurisdiction is lacking because the defendant has failed to provide

3

competent proof of value to establish that the amount in controversy actually exceeds $75,000.00. This Court agrees. Although the defendant did not file a response, this Court decides the plaintiff's motion on the merits.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

In this case, the plaintiff's complaint does not set forth a total monetary sum requested. Rather, the plaintiff argues that she is entitled to recover damages for the emotional distress, inconvenience, annoyance, humiliation, embarrassment, and aggravation that resulted from the acts and omissions of State Farm. The plaintiff also seeks an unspecified amount of punitive damages in order to deter State Farm from engaging in similar

conduct in the future.  According to the plaintiff, State Farm justifies removal by referencing a settlement demand letter written by the plaintiff, which seeks $72,500.00 in cash and a waiver of State Farm's subrogation claim in the amount of $5,000.00.[3] However, the plaintiff argues that the settlement demand has no evidentiary value and does not satisfy State Farm's burden of proving that the case now before this Court has a value exceeding the jurisdictional minimum.[4]

After careful consideration of the record in this case, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy.  The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.  See <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).

Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed $75,000.00, exclusive of

---

[3] The defendant's notice of removal also references the plaintiff's settlement demand in the amount of $72,500.00 and the demand for a waiver of the defendant's subrogation rights as to the $5,000.00 in medical payment benefits already paid.

[4] According to the plaintiff's motion to remand, the demand letter was written before the plaintiff filed her separate bad faith claim.  Therefore, the demand embraced all of the plaintiff's claims, including those pending in this case as well as those pending in the underlying state court case.  The plaintiff contends that the $72,500.00 demand cannot be considered when valuing the case before this Court -- the plaintiff's bad faith case.

5

interests and costs.  See Etchison v. Westfield Co., 2006 U.S. Dist. LEXIS 70574 (N.D. W. Va. Sept. 26, 2006) (unpublished) (holding that federal diversity jurisdiction was properly based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). The plaintiff's bad faith complaint does not specify the amount of damages prayed for, and the defendant has produced no evidence as to what this amount might total.  This Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum.  Therefore, the plaintiff's motion to remand must be granted.[5]

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of

---

[5]Because this Court finds that federal jurisdiction is lacking in this case, this Court sees no need to discuss the abstention argument raised by the plaintiff.

the Circuit Court of Marshall County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 22, 2011

<pre>                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE</pre>